UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
SAMANTHA R. L.,

                        Plaintiff,        <u>DECISION AND ORDER</u>
                                                                   7:21-CV-09339-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

      In November of 2019, Plaintiff Samantha R. L.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Olinsky Law Group, Howard D. Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 14).

      This case was referred to the undersigned on October 24, 2022. Presently pending are the parties' Motions for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 11,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

17). For the following reasons, Plaintiff's motion is due to be granted, the Commissioner's motion is due to be denied, and this matter is remanded for further proceedings.

## I.  BACKGROUND

### A.  Administrative Proceedings

Plaintiff applied for benefits on November 6, 2019, alleging disability beginning April 19, 2019. (T at 204-08, 218).[2] Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on January 5, 2021, before ALJ Kieran McCormack. (T at 50). Plaintiff appeared with an attorney and testified. (T at 57-72). The ALJ also received testimony from Stephen E. Cosgrove, a vocational expert. (T at 73-82).

### B.  ALJ's Decision

On January 20, 2021, the ALJ issued a decision denying the application for benefits. (T at 17-35).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 19, 2019 (the alleged onset date) and met the insured status requirements of the Social Security Act through September 30, 2022 (the date last insured). (T at 22).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

The ALJ concluded that Plaintiff's attention deficit disorder, panic disorder, major depressive disorder, specific learning disorder, unspecified anxiety disorder, general personality disorder, and impingement of the bilateral hips were severe impairments as defined under the Act. (T at 22).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 23).

At step four of the sequential analysis, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can work at low-stress jobs, defined as jobs involving no more than simple, routine, and repetitive tasks; only simple work-related decisions; few, if any, workplace changes; and no more than occasional interaction with supervisors, coworkers, and/or the general-public. (T at 25).

The ALJ concluded that Plaintiff could not perform her past relevant work as a veterinarian technician. (T at 29).

However, considering Plaintiff's age (32 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 30).  As such, the ALJ

found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 19, 2019 (the alleged onset date) and January 20, 2021 (the date of the ALJ's decision). (T at 31). On September 8, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C. Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 11, 2021. (Docket No. 1). On May 27, 2022, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 11, 12). The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on August 9, 2022. (Docket No. 17, 18). On August 30, 2022, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 19).

## II. APPLICABLE LAW

### A. Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial

4

evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.     Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ's decision.  Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.

*A.     Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013

WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In March of 2020, Dr. Audrey M. Walker completed a medical source statement.  Dr. Walker had been treating Plaintiff biweekly to monthly since 1998. (T at 316).  She noted the following diagnoses: attention deficit disorder, panic disorder, major depressive disorder, specific learning disorder I, and specific learning disability II. (T at 316).

Dr. Walker explained that Plaintiff had difficulty maintaining work responsibilities due to frequent panic attacks, impairment with respect to organization and keeping a regular schedule, and problems with social interaction, leading to frequent conflicts with supervisors and co-workers. (T

at 317-18). Dr. Walker opined that Plaintiff would be unable to maintain a work schedule. (T at 318).

In August of 2020, Dr. Walker provided a second assessment, generally consistent with her first assessment. (T at 324-27).

The ALJ found Dr. Walker's opinions "not persuasive." (T at 28-29). For the following reasons, this Court concludes that the ALJ's decision is not supported by substantial evidence or consistent with applicable law.

First, and most notably, the ALJ gave no indication of being mindful of the value afforded to treating source opinions when reviewing claims involving mental impairments. *See Flynn v. Comm'r of SSA*, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations.").

Although the "treating physician rule" no longer applies, this important principle persists, as the opportunity to observe and treat the claimant constitutes important "support" for a medical opinion under the new standard. *See, e.g., Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 U.S. Dist. LEXIS 32884, at *28 (N.D.N.Y. Feb. 22, 2021).

"As the amended regulations note, '[a] medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder.'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v))); *see also Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502 (AJN) (KHP), 2021 U.S. Dist. LEXIS 19212, at *25-26 (S.D.N.Y. Jan. 29, 2021)("A survey of … cases … show[s] that while the treating physician's rule was modified, the essence of the rule remains the same, and the factors to be considered in weighing the various medical opinions in a given claimant's medical history are substantially similar.")(collecting cases).

"Even though ALJs are no longer directed to afford controlling weight to treating source opinions—no matter how well supported and consistent with the record they may be—the regulations still recognize the 'foundational nature' of the observations of treating sources, and 'consistency with those observations is a factor in determining the value of any [treating source's] opinion.'" *Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *6 (D. Vt. July 14, 2020)(quoting *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018)).

Here, the probative value of Dr. Walker's opinions was further enhanced because she had been treating Plaintiff regularly for more than

11

two decades. (T at 316).  The ALJ failed adequately to account for this factor.

In addition, the ALJ's written decision is partly based upon a material factual error.  In explaining the reasons he found the treating source opinions unpersuasive, the ALJ found it significant that Dr. Walker's "submitted records do not reveal that [Plaintiff] was ever given a mental status examination, despite the completion of the mental status portions of the assessment forms." (T at 28).

Both assessments performed by Dr. Walker, however, expressly state that Dr. Walker had performed a "psychiatric evaluation" and both assessments contain detailed clinical findings regarding Plaintiff's attitude, appearance, behavior, speech, thought, perceptions, mood, affect, sensorium, intellectual functioning, insight, and judgment. (T at 316-17, 324, 326).  To the extent the ALJ believed Dr. Walker had never performed a mental status examination, that factual statement was clearly incorrect. To the extent the ALJ believed the record of such examination(s) should have been better documented, it is not clear what additional information he believed should have been provided.

In any event, given the extensive treating history and undisputed evidence of mental impairment, if the ALJ believed Dr. Walker's findings

were inadequately documented in the treatment record, he was obliged to re-contact Dr. Walker for further information before discounting her assessments on this basis. *See Plaza v. Comm'r of Soc. Sec.*, No. 19CV3853 (DF), 2020 WL 6135716, at *23 (S.D.N.Y. Oct. 16, 2020)(finding that ALJ erred when he "substituted his lay opinion for that of the treating physician without first re-contacting the treater for clarification of any perceived inconsistencies between the doctor's opinions and the underlying clinical record"); *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases recognizing that "an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment").

While there may be some support for the ALJ's decision, the evidence is not sufficient to overcome the two-decade longitudinal treatment record with Dr. Walker.

Dr. Melissa Antiaris performed a consultative psychiatric evaluation in March of 2020. She diagnosed unspecific anxiety disorder, unspecified depressive disorder, and rule out general personality disorder. (T at 322). Dr. Antiaris opined that Plaintiff had mild or no limitation in her ability to perform most of the mental demands of basic work activity but did have moderate limitation in her ability to regulate emotions, control behavior, and

maintain well-being. (T at 321). Dr. Antiaris believed Plaintiff's difficulties were "caused by lack of motivation" and did not "appear to be significant enough to interfere with [her] ability to function on a daily basis." (T at 321-22).

In April of 2020, Dr. L. Hoffman, a non-examining State Agency review consultant, opined that Plaintiff could understand and remember simple and detailed instructions and work procedures; maintain adequate attention and concentration to complete work-like procedures and sustain a routine; engage in brief and superficial interactions with supervisors and co-workers to meet work-related needs, and adapt to changes in a routine work setting and use appropriate judgment to make work-related decisions. (T at 96).

In September of 2020, Dr. C. Walker, another non-examining State Agency review physician, assessed mild limitation in Plaintiff's ability to understand, remember, or apply information; moderate impairment with respect to interacting with others; moderate limitation in concentration, persistence, and pace; and moderate impairment in adapting or managing herself. (T at 105, 109-110).

Notwithstanding this other medical evidence the ALJ's failure to apply the proper legal standard when considering the treating source opinions necessitates remand.

All the medical source opinions included a finding of some degree of limitation. The ALJ himself recognized that Plaintiff was limited to a reduced range of sedentary work. (T at 25). Thus, because the issue was not whether Plaintiff's ability to meet the mental demands of basic work was limited, but to what extent, it was critical that the ALJ afford the treating source assessments the careful consideration demanded by the Regulations and case law interpreting the same. *See Dany Z. v. Saul*, 531 F. Supp. 3d 871, 885 (D. Vt. 2021)("The new regulations cannot be read as a blank check giving ALJs permission to rely solely on agency consultants while dismissing treating physicians in a conclusory manner."); *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013)("ALJs should not rely heavily on the findings of consultative physicians after a single examination.")(citing *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990)).

B.   Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with

or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).

Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

For the reasons discussed above, the Court concludes that a remand is necessary for application of the proper legal standard to the treating source opinions and, if necessary, further development of the record via re-contacting Dr. Walker and requesting additional information/clarification.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 17) is DENIED; and this matter is REMANDED for further proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment and then close the file.

Dated: March 9, 2023    *s/ Gary R. Jones*
　　　　　　　　　　　　　GARY R. JONES
　　　　　　　　　　　　　United States Magistrate Judge